IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jillian Anderson,

      Plaintiff,

                                  Case No.: 19-cv-00852-PAM-HB

v.

Midwest Fidelity Services, LLC,

      Defendant.

## ANSWER OF MIDWEST FIDELITY SERVICES, LLC

Defendant Midwest Fidelity Services, LLC ("MFS"), as and for its Answer to the Complaint of Jillian Anderson ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to paragraph 1 of the Complaint, MFS admits that Plaintiff brings the claim alleging violation of the FDCPA. MFS denies that it violated the FDCPA or any other law.

2. MFS denies the allegations set forth in paragraph 2 of the Complaint.

3. MFS has insufficient information and knowledge to either admit or deny paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, MFS admits that it is a limited liability company, based in Kansas, with a registered office address as alleged. MFS further

4650312v1

admits that its principal purpose is the collection of debt.  MFS has insufficient information and knowledge to either admit or deny the remaining allegations.

5.      In response to paragraph 5 of the Complaint, MFS admits that Plaintiff demands a trial by jury, but denies that the same is proper as there has been no violation of law.

6.      MFS admits the allegations set forth in paragraph 6 of the Complaint.

7.      MFS admits the allegations set forth in paragraph 7 of the Complaint, upon information and belief.

8.      MFS has insufficient information and knowledge to either admit or deny paragraph 8 of the Complaint.

9.      MFS has insufficient information and knowledge to either admit or deny paragraph 9 of the Complaint.

10.      MFS has insufficient information and knowledge to either admit or deny paragraph 10 of the Complaint.

11.      MFS has insufficient information and knowledge to either admit or deny paragraph 11 of the Complaint.

12.      MFS denies the allegations set forth in paragraph 12 of the Complaint.  MFS was retained by Treatment Management Company, LLC.

13.      In response to paragraph 13 of the complaint, MFS admits that it sent a letter as alleged to Plaintiff.  MFS has insufficient information and knowledge to either admit or deny that the debt was discharged.

14.     MFS adopts by reference all prior paragraphs of this answer as though fully set forth herein.

15.     In response to paragraph 15 of the Complaint, MFS admits that Plaintiff purports to paraphrase and/or quote the referenced statute.

16.     In response to paragraph 16 of the Complaint, MFS admits that Plaintiff purports to paraphrase and/or quote the referenced statute.

17.     MFS denies the allegations set forth in paragraph 17 of the Complaint.

18.     MFS denies the allegations set forth in paragraph 18 of the Complaint.

19.     MFS denies the allegations set forth in paragraph 19 of the Complaint.

20.     In response to paragraph 20 of the Complaint, MFS admits that Plaintiff purports to paraphrase and/or quote the referenced statute.

21.     MFS denies the allegations set forth in paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MFS denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of MFS.

### THIRD DEFENSE

4650312v1

Any violation of any law, which MFS denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MFS denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against MFS.

## FIFTH DEFENSE

Plaintiff lacks Article III standing to bring this claim and therefore subject matter jurisdiction does not exist.

**WHEREFORE,** MFS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against MFS with prejudice and on the merits; and,

2. Awarding MFS such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

4650312v1

Respectfully submitted,


Dated:  April 2, 2019                    By: s/ Michael S. Poncin
                                         Michael S. Poncin, #296417
                                         Attorneys for Defendant
                                         **Midwest Fidelity Services, LLC**
                                         Moss & Barnett, PA
                                         150 South Fifth Street, Suite 1200
                                         Minneapolis, MN 55402
                                         Telephone:  (612) 877-5290
                                         Fax:  (612) 877-5056
                                         Email: Mike.Poncin@lawmoss.com

4650312v1